1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
8                        NORTHERN DISTRICT OF CALIFORNIA
9
10   STEVEN VELASQUEZ, JR.,                    Case No. 24-cv-01221-TSH
11                  Plaintiff,
                                               **ORDER GRANTING MOTION TO**
12       v.                                    **DISMISS SECOND AMENDED**
                                               **COMPLAINT AND DENYING**
13   CITY OF HAYWARD, et al.,                  **MOTION TO STRIKE**
14                  Defendants.                Re: Dkt. No. 36
15
16                              **I.    INTRODUCTION**
17          Plaintiff Steven Velasquez Jr. brings this 42 U.S.C. § 1983 civil rights action against
18   Defendants City of Hayward, Dynaton Tran, Lawrence La Strape, Bruce Russell, Mark Smith and
19   Jessenia Torres.  Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second
20   Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 36.  As part
21   of their motion, Defendants also move to strike Plaintiff's prayer for punitive damages pursuant to
22   Rule 12(f).  Plaintiff filed an Opposition (ECF No. 39) and Defendants filed a Reply (ECF No.
23   41).  The Court finds this matter suitable for disposition without oral argument and **VACATES**
24   the November 14, 2024 hearing.  *See* Civ. L.R. 7-1(b).  For the reasons stated below, the Court
25   **GRANTS** Defendants' motion to dismiss and **DENIES** Defendants' motion to strike.[1]
26
27   _____
28   [1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 8, 14, 37.

United States District Court
Northern District of California

## II.    BACKGROUND

On January 21, 2023, Plaintiff and his friends were pulled over by Hayward Police Department Officers La Strape and Tran.  Sec. Am. Compl. ("SAC") ¶ 16, ECF No. 30.  Both officers approached the vehicle with their guns drawn and commanded all passengers to put their hands on the roof inside of the car and exit the vehicle one at a time.  *Id.*  Plaintiff, who was sitting on the rear passenger side, was the last occupant to exit.  *Id.*  Defendant Officer Russell then commanded Plaintiff to walk backward from the car towards the sound of the officer's voice, to which Plaintiff complied.  *Id.* ¶ 17.

Plaintiff had his cell phone in his hand, as he was on the phone with his mother when the vehicle was pulled over.  *Id.* ¶ 18.  Russell yelled at Plaintiff to get off the phone.  Then, without provocation, "the officer inexplicably bashed Mr. Velasquez's head numerous times against the window of the patrol vehicle."  *Id.*  Plaintiff yelled out in pain as he asked the officer, "Why are you hurting me?"  *Id.*  Plaintiff's question "was met with increased violence, as officers then slammed the now handcuffed Mr. Velasquez to the ground, causing him to hit his head against the concrete."  *Id.*

Once on the ground, the officers continued assaulting Plaintiff, punching and kicking him in his head, back, and torso.  *Id.* ¶ 19.  Officers yelled, "Stop resisting," despite Plaintiff being handcuffed and offering no resistance.  *Id.*  Officers then placed him into a figure-four leg lock and shouted, "Are you ready to come up now?"  *Id.*

Following the assault, Plaintiff was scared to provide his name to the officers.  *Id.* ¶ 20.  As a result, the officers put him in the back of a patrol car and left him for nearly an hour, threatening to take him to juvenile hall.[2]  When the paramedics arrived, Plaintiff disclosed his name, which prompted the officers to make disparaging remarks about his father, who was incarcerated.  *Id.*

On January 22, 2023, the day after the incident, Plaintiff went to Oakland's Children's Hospital and was subsequently diagnosed with swelling in his brain as a result of the officers' actions.  *Id.* ¶ 21.

---

[2] Plaintiff was a minor at the time.  *Id.* ¶ 1.

United States District Court
Northern District of California

Plaintiff filed this case on February 28, 2024, and filed the operative Second Amended Complaint on September 4, 2024.  He brings six causes of action: (1) Fourth Amendment – Excessive Force under 42 U.S.C. § 1983 against Defendants Tran, La Strape, Russell, Smith, and Torres; (2) violation of the Bane Act, Cal. Civ. Code § 52.1 against Defendants Tran, La Strape, Russell, Smith, Torres, and City of Hayward; (3) battery against Defendants Tran, La Strape, Russell, Smith, Torres and City of Hayward; (4) Fourth Amendment – Unlawful Seizure under 42 U.S.C. § 1983 against Defendants Tran, La Strape, Russell, Smith, and Torres; (5) false arrest against Defendants Tran, La Strape, Russell, Smith, Torres and City of Hayward; and (6) negligence against Defendants Tran, La Strape, Russell, Smith, Torres and City of Hayward.  SAC ¶¶ 24-52.

Defendants filed the present motion on September 18, 2024.

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim.  A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted).  Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).  A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere

conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted).  A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.    DISCUSSION

### A.    42 U.S.C. § 1983

42 U.S.C. 1983 makes liable any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271, (1994) (internal quotation marks omitted).  "To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).  "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id*. at 1036.

### 1.    Excessive Force

In his first cause of action, Plaintiff alleges as follows:

> When Defendant Officers Hayward Officers repeatedly slammed Plaintiff Velasquez's head on the window, and continued to violently attack him, despite him being handcuffed, the officers used unreasonable force, depriving Plaintiff Velasquez of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff Velasquez under the Fourth Amendment of the United States Constitution.  Defendant Officers did not have a lawful

United States District Court
Northern District of California

> basis to use force against Plaintiff Velasquez, as he was in handcuffs and displayed no resistance, which violated their training and Plaintiff Velasquez's constitutional rights under the Fourth Amendment.

SAC ¶ 25.  As a result of this conduct, Plaintiff alleges "Defendant Officers" are liable for his injuries, "either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations." *Id.* ¶ 26.

Defendants argue this claim fails because the complaint states no facts to state a plausible claim of excessive force as to each individual defendant. Mot. at 5.  They further argue the claim fails to state facts showing the individual defendants used excessive force against Plaintiff, that they were integral participants in such conduct by others or that they failed to intervene to prevent such conduct by others, they cannot be held liable on a "team effort" theory, and they are not vicariously liable for the conduct of each other or anyone else. *Id.* at 7.

"Excessive force during an arrest or seizure, even if the arrest itself is lawful, violates the Fourth Amendment." *Smith v. City of Marina*, 709 F. Supp. 3d 926, 934 (N.D. Cal. 2024).  "In assessing a claim of excessive force, courts ask whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them.  A court (judge or jury) cannot apply this standard mechanically.  Rather, the inquiry requires careful attention to the facts and circumstances of each particular case." *Lombardo v. City of St. Louis*, 594 U.S. 464, 467 (2021) (cleaned up).  "At the pleading stage, this standard does not set a particularly high bar: A plaintiff must simply allege some use of force that could potentially be determined by a jury to be unreasonable." *City of Marina*, 709 F. Supp. 3d at 934.

Here, Plaintiff's allegations that officers repeatedly slammed his head on the window, violently attacked him while he was handcuffed, and used unreasonable force suffice to state a claim for excessive force. *See Forrester v. City of San Diego*, 25 F.3d 804, 807 (9th Cir. 1994) (recognizing "physical blows" are substantial uses of force); *O'Doan v. Sanford*, 991 F.3d 1027, 1037 (9th Cir. 2021) (taking a suspect to the ground is a "modest deployment of force"). However, while Plaintiff asserts an excessive force claim against Tran, La Strape, Russell, Smith and Torres, the complaint often refers to "officers" collectively rather than alleging facts as to each

individual defendant.[3]  "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Nor can an individual be liable under a "'team effort' standard that allows the jury to lump all the defendants together, rather than require it to base each individual's liability on his own conduct." *Hopkins v. Bonvicino*, 573 F.3d 752, 769–70 (9th Cir. 2009) (quoting *Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996)) (cleaned up).  Thus, plaintiffs must show that each defendant, through their own individual actions, caused their constitutional injuries.  *Iqbal*, 556 U.S. at 676; *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

Plaintiff seeks to impose liability on each individual Defendant based on claims that "Hayward Officers" repeatedly slammed his head on the window, and continued to violently attack him, despite him being handcuffed.  SAC ¶ 25.  The factual allegations, however, state only that "an officer" bashed his head against the patrol vehicle and "[w]ithout provocation, the officer inexplicably bashed Mr. Velasquez's head numerous times against the window of the patrol vehicle." *Id.* ¶¶ 1, 18.  The complaint does not identify who "the officer" is.  Notably, Plaintiff specifically identifies Defendant Russell as having yelled at him to get off the phone in one sentence, then vaguely refers to an unidentified officer has having "bashed" his head into the car window in the next sentence.  Plaintiff also alleges that once on the ground, "the officers continued their assault," punching and kicking him and placing him in a figure-four leg lock.  *Id.* ¶ 19.  But Plaintiff again fails to identify who "the officers" are who allegedly punched and kicked him, and there are no specific facts to state a plausible claim against the named officers for such

---

[3] As a matter of English grammar, it is possible to assume that "the officer" in the third sentence of paragraph 18 is a reference back to "Defendant Russell" in the second sentence.  However, because of the large number of references to "the officers" collectively, the Court thinks that assumption is unwarranted.  Further, in his opposition brief, Plaintiff does not make that argument. Instead, Plaintiff contends that he "cannot yet identify which Officers committed each particular use of force."  Opp. at 1-2.  In any event, if Plaintiff intended that reference to "the officer" to specifically mean Russell, he can clarify that in his Third Amended Complaint.

United States District Court
Northern District of California

conduct. The unidentified group of "the officers" could be comprised of some of the individually named Defendants or the 25 Doe defendants.

Plaintiff also alleges "Defendant Officers" are liable for his injuries "either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations." SAC ¶ 26. However, "a police officer who is merely a bystander to his colleagues' conduct cannot be found to have caused an injury." *Monteilh v. County of Los Angeles*, 820 F. Supp. 2d 1081, 1089 (C.D. Cal. 2011). "Instead, a plaintiff must 'establish the integral participation' of the officers in the alleged constitutional violation." *Id.* (citing *Jones*, 297 F.3d at 935). "Officers are not integral participants simply by the virtue of being present at the scene of an alleged unlawful act." *Id.* "[I]ntegral participation requires some fundamental involvement in the conduct that allegedly caused the violation. . . . Officers are fundamentally involved in the alleged violation when they provide some affirmative physical support at the scene of the alleged violation and when they are aware of the plan to commit the alleged violation or have reason to know of such plan but do not object." *Id.* (citing *Jones*, 297 F.3d at 936).

Further, "bystander officers only have a duty to stop a violation when they know to have reason to know of the constitutional violation." *Monteilh*, 820 F. Supp. 2d at 1092 (citing *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029-30 (9th Cir. 2002) and *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991)). And the duty to intervene to prevent the unconstitutional conduct of others does not attach unless the officer had a "realistic opportunity" to intervene. *Cunningham v. Gates*, 229 F.3d 1271, 1290 (9th Cir. 2000) (finding no "realistic opportunity" where the non-shooting officers were not present at the time of the shootings)). For example, Plaintiff alleges no facts showing Tran, La Strape, Russell, Smith or Torres knew or had reason to know "the officer" would "bash" Plaintiff's head into the car window, particularly given that Plaintiff even states the action was "without provocation" and "inexplicably" occurred. SAC ¶ 18. The complaint also alleges no facts showing that the named officers knew or had reason to know "officers" would punch and kick Plaintiff, and there are no facts showing any particular Defendant had a "realistic opportunity" to prevent any of the alleged actions.

While the factual allegations in the complaint might be sufficient to plausibly state a §

1983 claim, the complaint as drafted fails to clearly distinguish which allegations pertain to which defendants.  At the same time, the Court notes "[a] plaintiff can allege that a group of officers participated in specific conduct . . . when it is 'facially plausible' that multiple individuals might partake in the conduct." *Kim v. City of Belmont*, 2018 WL 500269, at *6 (N.D. Cal. Jan. 22, 2018) (citing *Isakhanova v. Muniz*, 2016 WL 362397, at *4-5 (N.D. Cal. Jan. 29, 2016)).  "If a plaintiff does not presently know facts that would tie each defendant to their unlawful conduct, the plaintiff may proceed with 'Doe pleading,' and amend the complaint to add Defendants once discovery clarifies their role." *Id*.  "Therefore, if Plaintiff[] do[es] not know which officer or officers took which specific actions that violated [his] rights, [he] should allege Doe pleadings by stating 'Officer(s) Doe' partook in specific alleged conduct." *Id.*

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's first cause of action for excessive force **WITH LEAVE TO AMEND** to link specific defendants to specific conduct or utilizing Doe pleading as appropriate.

### 2.    Unlawful Seizure

In his fourth cause of action, Plaintiff alleges when Defendants arrested him, they had no probable cause, and he had not committed any crimes.  SAC ¶ 40.  As such, he alleges Defendants' use of force and arrest was an unlawful seizure that violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.  *Id.*

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *Terry v. Ohio*, 392 U.S. 1, 9 (1968)).  "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, 'by means of physical force or show of authority,' terminates or restrains his freedom of movement, through means intentionally applied." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (internal citations and quotation omitted; emphasis removed); *see also United States v. Smith*, 633 F.3d 889, 892 (9th Cir. 2011) (holding that "a person is not 'seized' within the meaning of the Fourth Amendment unless 'by means of physical force or show of authority, his freedom of movement is restrained.'") (quoting *United States v. Mendenhall*, 446 U.S. 544, 553 (1980)).  "[I]n order to determine whether a particular

encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter." *Florida v. Bostick*, 501 U.S. 429, 439 (1991).  Under *Terry* and its progeny, a temporary seizure is reasonable under the Fourth Amendment if law enforcement officers have "reasonable suspicion"—that is, "articulable suspicion that a person has committed or is about to commit a crime." *Florida v. Royer*, 460 U.S. 491, 498 (1983).

The Court finds Plaintiff's allegations suffice to state a claim for unlawful seizure. Plaintiff alleges he was a passenger in the vehicle that was pulled over, he was not suspected of having committed any crime, did not resist the officers, and he cooperated with their commands, yet the officers pointed their guns at him, detained him in handcuffs, and used force against him. *See Mendenhall*, 446 U.S. at 554 ("Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."); *California v. Hodari D.*, 499 U.S. 621, 626 (1991) (an encounter is a seizure if "a reasonable person would have believed that he was not free to leave," or a person submits to a show of authority or use of force).  However, as with his excessive force claim, Plaintiff asserts this claim against Tran, La Strape, Russell, Smith and Torres, yet the complaint refers to "Defendants" and "officers" collectively rather than alleging facts as to each individual defendant. As such, dismissal is appropriate on the same basis.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's fourth cause of action for unlawful seizure **WITH LEAVE TO AMEND** to link specific defendants to specific conduct or utilizing Doe pleading as appropriate.

**B.    Bane Act, Cal. Civ. Code § 52.1**

In his second cause of action, Plaintiff alleges Defendants, "acting in concert/conspiracy," violated his rights under California Civil Code section 52.1, as well as the his right to be free from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution

United States District Court
Northern District of California

9

and by Article I, § 13 of the California Constitution, and his right to be free from excessive and unreasonable force under the Fourth Amendment of the United States Constitution and by Article I, § 13 of the California Constitution.  SAC ¶ 28.  Plaintiff further alleges these acts were "done with reckless disregard for those rights also satisfies the 'by threat, intimidation, or coercion' requirement of the Bane Act."  *Id.* ¶ 30.  Alternatively, Plaintiff alleges Defendants violated his rights by: threatening him in the absence of any threat; using "deliberately reckless and provocative tactics" to apprehend him in violation of generally accepted law enforcement training and standards and in violation of his rights; striking and/or physically accosting him in the absence of any threat or need for such force; threatening violence against him, with the apparent ability to carry out such threats, in violation of Civil Code section 52.1(j); using excessive, unreasonable, and unjustified force against him while he attempted to comply with the officers; and failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers.  *Id.* ¶ 31.  Plaintiff alleges the City of Hayward is vicariously liable for the violation of rights by its employees and agents pursuant to California Government Code section 815.2.  *Id.* ¶ 32.

California's Bane Act, Cal. Civ. Code § 52.1, "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by threats, intimidation, or coercion."  *Reese v. County of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018) (citation and quotations omitted).  There are two elements to a Bane Act claim.  First, there must be a "threat, intimidation, or coercion," although that element need not be "transactionally independent" from the underlying constitutional violation alleged.  *Id.* at 1043.  Second, "the Bane Act requires 'a specific intent to violate the arrestee's right to freedom from unreasonable seizure.'"  *Id.* (quoting *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 799–800 (2017)).

The Court finds Plaintiff's complaint alleges facts sufficient to establish the first element, given the constitutional violations discussed above.  *See, e.g., City of Marina*, 709 F. Supp. 3d at 938 (finding plaintiff established first element of Bane Act claim based on § 1983 claims).  As to the second element, the Ninth Circuit has recently explained that "a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those

10

1    rights."  *Reese*, 888 F.3d at 1045 (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)).

2    Here, Plaintiff alleges Defendants acted "with reckless disregard" for his rights.  SAC ¶ 30.  "At

3    the motion to dismiss stage, . . . allegations of conduct that violates constitutional rights coupled

4    with allegations that the conduct was done with reckless disregard for a party's rights can be

5    sufficient to establish specific intent."  *City of Marina*, 709 F. Supp. 3d at 939.  As such, the Court

6    finds Plaintiff's allegations suffice to state a claim under the Bane Act.  However, as discussed

7    above, the complaint's collective assertions against "Defendants" and "officers" are impermissibly

8    vague.  "On that basis alone, the Bane Act claims [must be] dismissed with leave to amend."  *Id.*

9    at 938.

10       Further, Plaintiff's attempt to avoid his pleading burden by alleging the individual

11   Defendants are liable for violation of section 52.1 by "acting in concert/conspiracy" (SAC ¶ 28) is

12   unavailing.  "The elements of an action for civil conspiracy are the formation and operation of the

13   conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the

14   common design."  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994).

15   To establish a conspiracy, it is necessary to have a "common plan or design" prior to engaging in

16   any acts.  *Id*. at 510-11.  Here, Plaintiff alleges no facts showing Tran, La Strape, Russell, Smith or

17   Torres had any common plan or design with each other before engaging in any acts.  His factually

18   unsupported conclusion that Defendants acted in concert/conspiracy falls well short of the Ninth

19   Circuit's heightened pleading requirement that conspiracy claims must be pled with particularity.

20   *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988); *Olsen v. Idaho*

21   *State Bd. of Medicine*, 363 F.3d 916, 929 (2002).)

22       Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's second cause

23   of action under the Bane Act **WITH LEAVE TO AMEND** to (1) link specific defendants to

24   specific conduct or utilizing Doe pleading as appropriate, and (2) plead his conspiracy claims with

25   particularity.

26   **C.    Battery, False Arrest, Negligence**

27       In his third cause of action, Plaintiff alleges Defendants, while working as employees for

28   the City of Hayward Police Department and acting within the course and scope of their duties,

United States District Court
Northern District of California

intentionally struck and injured him when they slammed his head on their patrol car window twice and beat him against the patrol vehicle's tire, despite him being handcuffed. SAC ¶ 35. As a result of these action, Plaintiff suffered physical and emotional injuries. *Id.* In his fifth cause of action, Plaintiff alleges Defendants falsely arrested him without any reasonable suspicion or probable cause. *Id.* ¶ 43. As a result of these actions, Plaintiff suffered physical injuries and emotional distress. *Id.* ¶ 44. In his sixth cause of action, Plaintiff alleges Defendants owed him "the duty to act with due care in the execution and enforcement of any right, law, or legal obligation," and "the duty to act with reasonable care.' *Id.* ¶ 47. These include the duty to refrain from: using excessive and/or unreasonable force; unreasonably creating a situation where force, including, but not limited to excessive force, is used; abusing their authority granted them by law; and violating rights guaranteed by the United States and California Constitutions, and as otherwise protected by law. *Id.* ¶ 49. Plaintiff alleges Defendants breached each of these duties. *Id.* ¶ 50. Plaintiff alleges the City of Hayward is vicariously liable for the violation of rights by its employees and agents pursuant to California Government Code section 815.2. *Id.* ¶¶ 37, 45, 51.

"Courts generally analyze these claims under the same rubric as § 1983 claims based on the Fourth Amendment." *Banks v. Mortimer*, 620 F. Supp. 3d 902, 935, n.13 (N.D. Cal. 2022) (citing *Garcia v. Cnty. of Merced*, 639 F.3d 1206, 1213 (9th Cir. 2011) (false arrest/false imprisonment); *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (battery); *Diaz v. Cnty. of Ventura*, 512 F. Supp. 3d 1030, 1048 (C.D. Cal. 2021) (negligence)). Thus, because these claims largely overlap with Plaintiff's § 1983 claims, dismissal with leave to amend is appropriate on the same basis. *See City of Marina*, 709 F. Supp. 3d at 938 (dismissing state law claims with leave to amend where "it is frequently unclear whether references to 'Defendants' refer to all defendants or only to all or some of the officers and/or municipal entities."); *Banks*, 620 F. Supp. 3d at 935 (finding triable issues of fact on false arrest, battery, and negligence claims based on finding of triable issues on § 1983 Fourth Amendment claim). Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's battery, false arrest, and negligence causes of action **WITH LEAVE TO AMEND** to link specific defendants to specific conduct or utilizing Doe pleading as appropriate.

**D.    Punitive Damages**

Defendants move to strike the following portions of Plaintiff's complaint: (1) the prayer for punitive damages, p. 11, line 25; and (2) page 5, line 25 "Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988."

Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "[M]otions to strike should not be granted unless it is clear that matter to be stricken could have no possible bearing on subject matter of litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

Defendants argue Plaintiff's prayer for punitive damages "is unsupported by facts, thus immaterial, impertinent and scandalous," and that Plaintiff fails to allege facts "showing oppression, fraud or malice to support an award of such damages." Mot. at 12-13.  However, punitive damages are available for claims asserted under 42 U.S.C. § 1983 where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). While Plaintiff has not clearly alleged why he believes he may be entitled to punitive damages against each of the individual officers, it is plausible that he could plead such facts.  Accordingly, the Court **DENIES** Defendants' motion to strike.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss **WITH LEAVE TO AMEND** and **DENIES** Defendants' motion to strike.  Plaintiff shall file a Third Amended Complaint by December 13, 2024.

**IT IS SO ORDERED.**

Dated: November 13, 2024

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

13